*fee paid*

Altheide, Jason A.
NAME

061143-4 @ ASH
PRISON IDENTIFICATION/BOOKING NO.

10333 El CaminoReal
ADDRESS OR PLACE OF CONFINEMENT

Atascadero, Ca 93422

Note: It is your responsibility to notify the Clerk of Court in writing of any change of address. If represented by an attorney, provide his name, address, telephone and facsimile numbers, and e-mail address.

FILED
CLERK, U.S. DISTRICT COURT
JUN 12 2012
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

530

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Jason Arthur Altheide
FULL NAME (Include name under which you were convicted)
                                            Petitioner,

v.

Linda Persons (E.D.) A.S.H.
NAME OF WARDEN, SUPERINTENDENT, JAILOR OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER
                                            Respondent.

CASE NUMBER:
CV 12-05051-SVW (SS)
To be supplied by the Clerk of the United States District Court

☑ First          AMENDED

**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**
28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION San Luis Obispo
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(List by case number)
CV _____
CV _____

## INSTRUCTIONS - PLEASE READ CAREFULLY

1. To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2. In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge the judgment entered by a different California state court, you must file a separate petition.

3. Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4. Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5. You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

5. You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

6. When you have completed the form, send the original and two copies to the following address:
   Clerk of the United States District Court for the Central District of California
   United States Courthouse
   ATTN: Intake/Docket Section
   312 North Spring Street
   Los Angeles, California 90012

LODGED
CLERK, U.S. DISTRICT COURT
JUN - 8 2012
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C § 2254)
CV-69 (04/05)                                                                              Page 1 of 10

PLEASE COMPLETE THE FOLLOWING: (*Check appropriate number*)

This petition concerns:
1. ☒ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☒ a parole problem.
4. ☐ other.

## PETITION

1. Venue
    a. Place of detention <u>Atascadero State Hospital</u>
    b. Place of conviction and sentence <u>Superior Court of California San Luis Obispo</u>

2. Conviction on which the petition is based (*a separate petition must be filed for each conviction being attacked*).
    a. Nature of offenses involved (*include all counts*): <u>Controling PC§69 : Current PC§2962 Mentaly Disordered Offender, & PC§2966 Appeal</u>

    b. Penal or other code section or sections: <u>controling charge was PC§69 resisting executive officer with force and violence.</u>
    <u>Current: PC§2962 Mentaly disordered offender, & PC§2966 Appeal</u>
    c. Case number: <u>F434614(HC-13)</u>
    d. Date of conviction: <u>6-11-11</u>
    e. Date of sentence: <u>6-11-11</u>
    f. Length of sentence on each count: <u>M.D.O. is reheard every year and carries a year sentence acordingly.</u>
    g. Plea (*check one*):
        ☒ Not guilty
        ☐ Guilty
        ☐ Nolo contendere
    h. Kind of trial (*check one*):
        ☐ Jury
        ☒ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction?   ☒ Yes ☐ No
    If so, give the following information for your appeal (*and attach a copy of the Court of Appeal decision if available*):
    a. Case number: <u>B234757</u>
    b. Grounds raised (*list each*):
        (1) <u>Unknown, no communications with legal representation</u>

    (2) <u>Not 90 days through sited dates, ~~available treatment~~</u>
    (3) _____
    (4) _____
    (5) _____
    (6) _____
  c.  Date of decision: <u>Unknown lost papers in transfer.</u>
  d.  Result <u>Denied</u>

4. If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision? ☒ Yes ☐ No

If so give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:

  a.  Case number: <u>S201303</u>
  b.  Grounds raised *(list each)*:
    (1) <u>Criteria #5 not met since not 90 Days of treatment through sited dates.</u>
    (2) _____
    (3) _____
    (4) _____
    (5) _____
    (6) _____
  c.  Date of decision: <u>Still no notice. 5-9-12</u>
  d.  Result ~~Pending~~. <u>Denied</u>

5. If you did not appeal:
  a.  State your reasons _____
  b.  Did you seek permission to file a late appeal? ☐ Yes ☐ No

6. Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction? ☒ Yes ☐ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a. (1) Name of court: <u>Superior of Califonia, San Luis Obispo</u>
   (2) Case number: <u>F434614(HC-13)</u>
   (3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): <u>3-2-12</u>
   (4) Grounds raised (list each):
   (a) <u>Not 90 Days of treatment through sited dates :criteria #5</u>
   (b)
   (c)
   (d)
   (e)
   (f)
   (5) Date of decision: <u>3-2-12</u>
   (6) Result <u>Denied. And stated due to succession they would accept no more</u>
   (7) Was an evidentiary hearing held?   ☐ Yes   ☒ No

b. (1) Name of court: <u>Court of Appeal Second District</u>
   (2) Case number: <u>B234757</u>
   (3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): <u>Unknown. Lost</u>
   (4) Grounds raised (list each):
   (a) <u>Representation failed to communicate; grounds or findings</u>
   (b) <u>Not 90 days of treatment through sited dates</u>
   (c)
   (d)
   (e)
   (f)
   (5) Date of decision: <u>Unknown Attorney Gerald J. Miller (818)584-5986</u>
   (6) Result <u>Denied</u>
   (7) Was an evidentiary hearing held?   ☐ Yes   ☒ No

c. (1) Name of court: <u>California Supreme Court</u>
   (2) Case number: <u>S201303</u>
   (3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): <u>5-9-12</u>
   (4) Grounds raised (list each):
   (a) <u>Not 90 days of treament through sited dates.</u>
   (b)

```
        (c) _____
        (d) _____
        (e) _____
        (f) _____
   (5) Date of decision: 5-9-12
   (6) Result  Denied
   _____

   (7) Was an evidentiary hearing held?     ☐ Yes   ☒ No
```

7. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the <u>facts</u> supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

   CAUTION:  *Exhaustion Requirement*: In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present <u>all</u> of your grounds to the California Supreme Court.

   a. Ground one: Not 90 days of treatment per sited dates. PC§2962(c), Dr. Wagner's Report(see attached)

      (1) Supporting FACTS: California Penal Code §2962(c) and certifying Dr. Wagner's Report and People v. Del Valle (App.2 Dist 2002) 121 Cal. Rptr.2d 889, 100 Cal.App.4th 88)

      Dr.'s Report:(pg6) Criteria #5 sites 1/7/10 to 4/26/10 however irrelevant per (pg4) "parole on 5/14/10"; Not 90 days from 10/6 to 1/2/11

      (2) Did you raise this claim on direct appeal to the California Court of Appeal?     ☐ Yes   ☒ No
      (3) Did you raise this claim in a Petition for Review to the California Supreme Court?     ☐ Yes   ☒ No
      (4) Did you raise this claim in a habeas petition to the California Supreme Court?     ☒ Yes   ☐ No

   b. Ground two: Inneffective counsle

      (1) Supporting FACTS: Ground one (above) not directly appealed in Court of Appeal(although I did file appeal I was havily drugged and counsel didn't catch this.

      (2) Did you raise this claim on direct appeal to the California Court of Appeal?     ☐ Yes   ☒ No
      (3) Did you raise this claim in a Petition for Review to the California Supreme Court?     ☐ Yes   ☒ No

  (4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☒ No

 c. Ground three: _____

  (1) Supporting FACTS: _____

_____

_____

_____

_____

  (2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☐ No
  (3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   ☐ No
  (4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☐ No

 d. Ground four: _____

_____

  (1) Supporting FACTS: _____

_____

_____

_____

_____

  (2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☐ No
  (3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   ☐ No
  (4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☐ No

 e. Ground five: _____

_____

  (1) Supporting FACTS: _____

_____

_____

_____

_____

  (2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☐ No
  (3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   ☐ No
  (4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☐ No

8. If any of the grounds listed in paragraph 7 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: <u>Ground #2 not presented</u> <u>insuficient monetary assetes available for copies and postage.</u>

9. Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?
   ☐ Yes   ☒ No

   If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

   a. (1) Name of court: _____
      (2) Case number: _____
      (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____
      (4) Grounds raised *(list each)*:
         (a) _____
         (b) _____
         (c) _____
         (d) _____
         (e) _____
         (f) _____
      (5) Date of decision: _____
      (6) Result _____

      (7) Was an evidentiary hearing held?   ☐ Yes   ☐ No

   b. (1) Name of court: _____
      (2) Case number: _____
      (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____
      (4) Grounds raised *(list each)*:
         (a) _____
         (b) _____
         (c) _____
         (d) _____
         (e) _____
         (f) _____
      (5) Date of decision: _____
      (6) Result _____

(7) Was an evidentiary hearing held?   ☐ Yes   ☐ No

10. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to this judgment of conviction?   ☒ Yes   ☐ No

If so, give the following information *(and attach a copy of the petition if available)*:

(1) Name of court: California Supreme Court

(2) Case number: N.A.

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: 5-20-12

(4) Grounds raised *(list each)*:

   (a) Contradicting testimony of certifying Dr.(s)
   (b) Defined "remission" yet denied "remission" formaly
   (c) Doctor falsely assumed violence, alcohol consumption.
   (d) Not 90 days of treatment available through sited dates
   (e) Doctor omitted well sited statements "we will put hands on you" and instead "created mis-perception from mental disorder"

11. Are you presently represented by counsel?   ☐ Yes   ☒ No

If so, provide name, address and telephone number: _____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on  5-23-12
          *Date*
                                             *Signature of Petitioner*

# CALIFORNIA DEPARTMENT OF
# Mental Health

1600 9th Street, Sacramento, CA 95814    916-654-1548

PC 2962 EVALUATION REPORT

CONFIDENTIAL PATIENT INFORMATION PURSUANT TO WELFARE & INSTITUTIONS CODE 5328

I. **IDENTIFYING DATA**

| | |
|---|---|
| Inmate Name: | Altheide, Jason |
| Date of Birth: | April 6, 1981 |
| CDCR Number: | AD-4417 |
| CII Number: | A21229214 |
| Facility: | Duel Vocational Institute |
| EPRD: | January 2, 2011 |
| CDD: | September 05, 2011 |
| Evaluation Date: | December 17, 2010 |
| Date Typed: | December 21, 2010 |
| Criteria Findings: | 123456 |
| DMH Evaluator: | Stephanie A. Wagner, Ph.D. |

*Non Confidential Report Status:*
*Sources for this report include a clinical interview and mental status exam, along with a review of the inmate's central file and medical record. The inmate was informed that the purpose of my visit was to conduct an MDO Evaluation and not for mental health treatment. The inmate was also informed that the evaluation is not confidential, and that a report with the results of this evaluation would be submitted to the Board of Parole Hearings. The inmate expressed an understanding of the nature of the examination and agreed to participate.*

*DECS:*
*I reviewed The Disability Effective Communication System (DECS) and determined that no modifications or accommodations were needed to interview this inmate.*

II **CRITERIA**

Criterion One - The prisoner does have a PC 2962-defined severe mental disorder.

Based on my review of the forgoing records and my interview and examination of the prisoner, I concluded that the prisoner does have a PC 2962-defined severe mental disorder that has impaired his thinking, emotions, behavior, and perceptions of reality. I previously conducted an MDO evaluation of the prisoner on April 20, 2009 and concluded that he was suffering from a severe mental disorder characterized by disorganized and delusional thinking. My current evaluation of the prisoner found that he had improved in terms of his thought organization but he continued to suffer from persecutory and paranoid thoughts regarding authority figures and his reality testing was impaired.

1

The prisoner's criminal history began when he was first arrested at the age of 20 for battery on a police officer. He is currently serving his second prison term for resisting an officer with force and violence. He served his first prison term for grand theft, person and disregard for safety. He was first released on parole on 12/22/2006 but he repeatedly violated the terms of his parole and was returned to custody three times. His parole violations included disturbing the peace, threatening and harassing another, making criminal threats and associating with prohibited persons. According to an 11/17/06 Summary of Parole Adjustment, on the same day he was paroled, the prisoner began and, thereafter, engaged in continuing harassment and threatening behavior toward his family members and their friends.

During his first prison term, the prisoner was a behavior management problem and was verbally abusive and argumentative toward staff. He received numerous behavioral write-ups (CDC-115) including assault on a non-prisoner (2/06/2009), attempted battery on a peace officer (1/21/08, 11/05/07 & 2/21/07), and resisting staff requiring use of force (4-30-07). He also has a significant substance abuse history, beginning at the age of 13 with marijuana and alcohol and he reported as addiction to cocaine and methamphetamines. He also admitted to experimenting with other hallucinogens, such as Ecstasy, LSD, PCP and Mushrooms.

According to a 12/3/2006 psychological evaluation, the prisoner's mental illness began in approximately 2002. He reportedly had a manic episode (an agitated, frenzied state) of bipolar illness (a severe mental illness characterized by mood instability) and was involuntarily (5150) admitted to the San Joaquin County Mental Health Services. He was treated with psychiatric medication and released to a halfway house about two months later. However, he stopped taking his psychiatric medication soon after his discharge because he did not believe he suffered from a mental illness. He was subsequently arrested numerous times and was found incompetent to stand trial in 2003 and 2006. He was remanded to Napa State Hospital (NSH) three times to restore his competency during that time. Upon admission to NSH on 6/13/2006, he was described as delusional with "intense" eye contact. He admitted to feeling irritable and having daydreams or thoughts of physically hurting or injuring others. He revealed paranoid delusions about things that were being concealed from him by the world in general and, specifically, information about the Geneva Convention. He stated that he was wealthy and that his cousin was Cliff Kaiser. He reported hearing voices of women making comments about him. He denied having a mental illness and stated that he did not need to be on medication.

CDCR medical records show that during his first prison term, he was placed in the Mental Health Delivery System (MHDS) on 12/18/06. The evaluating clinician wrote that the prisoner stated that he had been using methamphetamine to combat the effects of psychiatric medications and that the psychiatric medication was causing his mental problems. He was resistant to taking medication at the prison and his mental state deteriorated to the point that he had to be treated in an acute psychiatric inpatient facility until he stabilized on medication.

PC 2962 EVALUATION REPORT                    2          Confidential          Altheide, Jason
                                                        Patient's Copy

The prisoner was released on parole on 6/3/08. According to a 12/19/08 Summary of Parole Adjustment, he was cooperative and worked for a short while as a painter and construction worker. On 7/18/08, his treating psychiatrist discharged him from the Parole Outpatient Clinic (POC) due to being symptom free and stable. However, the prisoner became increasingly agitated and uncooperative over the next several months and subsequently was returned to prison in 1/2009 due to violating the terms of his parole.

Shortly after being returned to prison, he was admitted to the MHCB for suicidal thoughts. He became increasingly agitated, angry at staff about being returned to custody and he became increasingly delusional. On 2/6/09 he demanded to see a neurologist because he claimed he had a lesion in his brain that had caused him to lose 17 pounds. Two medical doctors examined him and when they were finished, asked that he be escorted from the medical room. However, he refused to leave. Instead, he wrapped his legs around his chair's legs and with his hands cuffed behind his back, he grabbed the lower edge of the back rest. He yelled at the doctors and staff and resisted attempts by officers to disengage him from the chair. A scuffle ensued requiring to use force against him. Following this incident, he was sent to the MHCB for treatment and then to California Medical Facility (CMF) as an inpatient in their mental health program. Upon his admission to CMF on 2/7/09, he was described as agitated, suicidal, homicidal, violent and uncooperative. He also expressed the delusional belief that the governor had signed his release and that CDCR was refusing to release him. He also admitted to auditory hallucinations and spoke of special senses and special abilities. His treating clinicians were able to convince him to take a shot of psychiatric medication (Haldol) and he subsequently calmed down and greatly improved. He was discharged on 2/11/09. On 2/20/09, clinicians noted that the prisoner had significantly deteriorated since his discharge and that he was refusing to take psychiatric medication because he insisted that his psychiatric symptoms stemmed from a brain lesion and not a mental illness.

My interview and mental status examination of the prisoner on 4/20/09 found him stable but still expressing delusions about the governor ordering his release and staff plotting against him. He also exhibited loose thought associations. He was paroled to Atascadero State Hospital (ASH) as an MDO commitment pursuant to PC 2962 on 4/21/2009. A 6/27/09 ASH Discharge Summary described the prisoner as negative and hostile toward staff and his peers. He had to be placed in full bed restraints on 6/16/09, 6/25/09 and 6/27/09, after he assaulted hospital staff. According to a 4/26/10 Probation Officer's Report (POR), he refused to comply with a hospital police sergeant and punched him in the nose, causing the sergeant's nose to bleed and swell. The sergeant also suffered soreness to his right elbow.

A 2/17/2010 PC 1370 Court Report indicated that the prisoner was examined by two psychologists on 11/16/09 and 11/28/09 and found incompetent to stand trial. He was committed to ASH to restore his competency on 1/7/2010. At the time of his admission, he was described as having rapid, pressured and loud speech that was at times incoherent. He was also hostile, agitated, intrusive, suspicious, grandiose, sarcastic and oppositional. He indicated that he heard and received messages through his senses. Reportedly, most of his

symptoms resolved relatively quickly on medications though he persisted in an inflated sense of self and sense of entitlement and was often intrusive and overly familiar with staff and peers. He was returned to court for trial and subsequently pled guilty to his committing offense.

According to an 11/12/10 Institutional Staff Recommendation Summary, he was transferred to prison on 5/6/10 from county jail and then mistakenly released on parole on 5/14/10 and his case was never processed as a new commitment. On 9/4/10, police were called regarding a person disturbing the peace by screaming and yelling in a parking lot. The prisoner had a bottle of beer in his waistband and yelled obscenities at the officers when they arrived. They described him as being intoxicated. He was uncooperative with police orders and they pepper sprayed him in an attempt to force him to get on his knees. He then fled down the street and was taken to the ground with force. He continued to kick and thrash about while on the ground and police had to strike him five times with a baton in order to subdue him so that he could be handcuffed. He was returned to prison on 09/29/10.

On 10/14/10, the prisoner was admitted to a Mental Health Crisis Bed (MHCB) due to suicidal thoughts. During subsequent interviews, he denied having suicidal thoughts but instead focused on getting his medication changed and he stated he wanted to be returned to ASH in order to get the care he needed. On 10/21/10, he told his treating clinician that he wanted an MRI and he described his past methamphetamine abuse as "life enhancing." He was described as demanding with a strong sense of entitlement. A MHCB discharge summary on 10/29/10 indicated that he was angry and felt his medications were not working. Once his medications were changed, he calmed down.

I interviewed the prisoner on 12/17/10 and found his thought process to be improved since my last interview. He did not express delusional thought content but he did express misperceptions and confusion about recent events. For example, he claimed that when he was paroled on 5/14/10 that all charges were dropped in his committing crime and that he was returned to prison illegally. He showed some insight into his mental disorder. When asked if he had a mental illness, he acknowledged that he did but attributed it to being put in a single cell for several months and being unable to adjust to the isolation. He also said he was in pain due to an injury and was denied pain medication. He acknowledged that he misperceived things. When asked about his most recent placement in MHCB, he denied that he said he was suicidal. He said he was not getting his medication and was not sleeping or eating. He claimed he was concerned and asked to be sent there.

He denied ever being addicted to methamphetamine. He said that while Lithium (a mood stabilizer) did nothing for him, methamphetamine calmed him down.

The prisoner's fund of general knowledge was within normal limits. He was able to correctly name the governor of California, what direction the sun rises and sets and how many weeks are in a year. When asked to describe a current event, he said that the Giants had won the World Series. His attention and concentration were within normal limits for

PC 2962 EVALUATION REPORT         4         Confidential   Altheide, Jason
                                            Patient's Copy

his age. He was able to recall seven digits in a forward sequence and five in a backward sequence.

His abstract reasoning was within normal limits. He was able to discern the essential similarities and differences between common things and to interpret simple sayings into abstract terms. He was also able to demonstrate good common sense.

Based on the foregoing, I concluded that the prisoner does suffer from a PC2962 mental disorder that has substantially impaired his thoughts, perceptions, behavior, emotional process and judgment. Although the prisoner did not exhibit overt signs and symptoms of his mental disorder during our interview, his episodes of stability have been short-lived, especially when he has access to drugs and alcohol. This criterion is positive.

**Criterion Two - The prisoner's crime meets this criterion.**

The prisoner was committed to prison based on a crime of resisting an officer with force and violence, PC 69. The crime was committed on 06/27/09 and was described in a 4/26/10 POR.

In this crime, the prisoner was an MDO commitment at ASH pursuant to PC 2962. Reportedly, a staff member told him she was going to put him in restraints if he did not calm down. When he started to raise his voice and called her a "fat bitch" she accused him of threatening violence. He said he was afraid of being restrained and ran out of the unit. A hospital police sergeant ordered him to turn and face the wall but the prisoner punched him in the nose instead, causing it to bleed. He was subsequently handcuffed and was heard to say, "I got your boss. I hit your boss."

This is a crime in which the prisoner used force and violence against another and, therefore, meets this criterion.

**Criterion Three – A severe mental disorder was a cause or aggravating factor in the PC 2962-qualifying crime.**

The prisoner was being treated for a severe mental disorder at the time of his crime in an inpatient setting. His severe mental disorder had caused him to become severely agitated and violent in the past. Just prior to his committing offense, he had to be placed in bed restraints on 6/16/09 and 6/25/09 due to his out of control behavior. According to an 11/30/09 PC 1368 Competency Evaluation Report, he felt threatened by the hospital sergeant, who had pepper sprayed him the previous week, and felt that the act of ordering him against the wall was a threat. He stated that such an order was a threat in the same manner that ordering someone to hand over their wallet or else they would be hit was a threat.

Based on the foregoing, there is sufficient basis to conclude that the prisoner's severe mental disorder caused him to misperceive the statements and actions of others as threatening and to

PC 2962 EVALUATION REPORT                5                Confidential        Altheide, Jason

act out accordingly. Therefore, it was a cause or aggravating factor in his crime. This criterion is met.

**Criterion Four - The prisoner's severe mental disorder is not in remission and "cannot be kept in remission" without treatment.**

As was documented under Criterion One above, the prisoner did not exhibit overt signs and symptoms of his severe mental disorder during his interview. However, his periods of stability are short-lived and he was placed in an MHCB as recently as 10/13/10 for suicidal thoughts. He also continues to misperceive events and is overly suspicious of authority and interprets their intentions as malicious without proper basis.

Over the past year, he has engaged in conduct that would support a finding of "cannot be kept in remission without treatment." Specifically, on 9/4/10 while on parole, he was uncooperative with police orders and resisted their efforts to subdue him with force and violence. *[handwritten: No, See police reports. No force or violence by m]*

**Criterion Five - The prisoner has been in treatment for a severe mental disorder for 90 days or more in the past year.**

The prisoner was treated at ASH from 1/7/10 to 4/26/10 and participated in the CDCR MHDS since 10/6/10. This criterion is met.

**Criterion Six - The prisoner represents a substantial danger of physical harm to others by reason of his severe mental disorder.**

The prisoner's severe mental disorder is not in remission. I found that it was a factor in his committing crime and it was a factor in other recent acts of violence and significant threats of violence. As noted under Criterion One, his paranoid delusions, combined with his severe mood instability, has caused him to act out against others, threaten and harass others, make criminal threats and react violently toward staff while incarcerated and at ASH. Based on the foregoing, there is sufficient basis to conclude that he does represent a substantial danger of physical harm to others by reason of his severe mental disorder.

*[handwritten: + 1 year past violent acts]*

## III. CONCLUSION

In my professional opinion, the prisoner meets all six criteria six criteria required for treatment pursuant to the provisions of Penal Code Section 2962.

Respectfully,

*Stephanie A. Wagner*

Stephanie A. Wagner, Ph.D.
Consulting Psychologist

Confidential
Patient's Copy

# GERALD J. MILLER
Attorney At Law
P.O. Box 432
Agoura Hills, CA 91376-0432
(818) 584-5986

E-mail: GJMEsq@sbcglobal.net



*Certified Specialist, Appellate Law, The State Bar of California Board of Legal Specialization*

September 16, 2011

PRIVILEGED ATTORNEY-CLIENT
COMMUNICATION
Jason Altheide
AT#061143-4
Atascadero State Hospital
P.O. Box 7001
Atascadero, CA 93423

    Re:   <u>People v. Jason Altheide</u>
           Court of Appeal No. B234757

Dear Mr. Altheide:

    I am in receipt of your recent letter, along with the documents that you sent me, which include documents pertaining to the <u>Qawi</u> order issued against you. Although I sympathize with your situation, please be advised that my appointment and representation of you are limited to the appeal of the order committing you as a mentally disordered offender (MDO), and that I cannot and will not assist you in connection with any other matters pertaining to your confinement at ASH. As a result, I am returning to you the original documents that you sent me.

    I have received the record in connection with your appeal of the MDO commitment order, and will communicate with you further with respect to that appeal once I have reviewed the record.

S201303

# IN THE SUPREME COURT OF CALIFORNIA

En Banc

---

In re JASON A. ALTHEIDE on Habeas Corpus.

---

The petition for writ of habeas corpus is denied. (See *In re Dixon* (1953) 41 Cal.2d 756, 759.)

SUPREME COURT
FILED

MAY −9 2012

Frederick K. Ohlrich Clerk

_____
Deputy

_____
CANTIL-SAKAUYE
*Chief Justice*