KAMALA D. HARRIS
Attorney General of California
DANE R. GILLETTE
Chief Assistant Attorney General
LANCE E. WINTERS
Senior Assistant Attorney General
MICHAEL R. JOHNSEN
Supervising Deputy Attorney General
IDAN IVRI
Deputy Attorney General
State Bar No. 260354
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 620-6097
  Fax:  (213) 897-6496
  E-mail:  DocketingLAAW@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JASON ARTHUR ALTHEIDE,** | Case No. CV 12-05051-SVW (SS) |
| Petitioner, | **ANSWER TO FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| **v.** | |
| **LINDA PERSONS,** | |
| Respondent. | Hon. Suzanne H. Segal |
| | U.S. Magistrate Judge |

# TABLE OF CONTENTS

**Page**

Memorandum of Points and Authorities ................................................................. 1

Procedural History ................................................................................................. 1

California Law On Civil Commitment Of Mentally Disordered Offenders ............ 4

Statement of Fcts .................................................................................................... 6

           A.    The People's Case ................................................................ 6

           B.    Petitioner's Case ................................................................ 8

Petitioner's Contentions ......................................................................................... 9

Argument ................................................................................................................ 9

I.     Ground One Is Not Cognizable Because It Is Procedurally Defaulted; Furthermore, Ground One Is Barred from Relitigation by 28 U.S.C. § 2254(d) Because It Has Been Previously Rejected on the Merits by the State Courts; Ground Two Is Also Barred from Relitigation by 28 U.S.C. § 2254(d), Since It Has Also Previously Been Rejected on the Merits by a State Court .......................................................................................... 9

II.    Ground One Is Not Cognizable Because the California Supreme Court Applied the *Dixon* Bar; Furthermore, Federal Habeas Relief Is Precluded as to Ground One Because the San Luis Obispo County Superior Court and the California Court of Appeal Had Reasonable Bases, Consistent with United States Supreme Court Authority, to Deny It .................................................. 11

           A.    Procedural History ............................................................ 12

           B.    Ground One Is Procedurally Defaulted ............................. 12

           C.    The State Courts Reasonably Rejected Ground One .......... 16

III.   Habeas Corpus Relief Is Precluded on Ground Two Because the California Supreme Court Had a Reasonable Basis, Consistent with United States Supreme Court Authority, to Deny It ................... 18

           A.    Applicable Law ................................................................. 18

           B.    The California Supreme Court Reasonably Rejected Ground Two ....................................................................... 20

Conclusion ............................................................................................................ 21

i

# TABLE OF AUTHORITIES

**Page**

CASES

*Bailey v. Newland*
   263 F.3d 1022 (9th Cir. 2001) ............................................................. 19

*Baldwin v. Reese*
   541 U.S. 27, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004) ..................................... 20

*Beard v. Kindler*
   130 S. Ct. 612, 175 L. Ed. 2d 417 (2009) ........................................... 9, 10, 12, 13

*Bennett v. Mueller*
   322 F.3d 573 (9th Cir. 2003) ............................................................. 14

*Calderon v. Thompson*
   523 U.S. 538, 118 S. Ct. 1489, 140 L. Ed. 2d 728 (1998) ............................... 15

*Coleman v. Johnson*
   132 S. Ct. at 2062 ........................................................................ 17

*Coleman v. Thompson*
   501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) ....................... 9, 10, 12

*Delgado v. Lewis*
   223 F.3d 976 (9th Cir. 2000) ............................................................. 20

*Estelle v. McGuire*
   502 U.S. 62, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ................................... 16

*Ford v. Georgia*
   498 U.S. 411, 111 S. Ct. 850, 112 L. Ed. 2d 935 (1991) ................................. 13

*Harris v. Reed*
   489 U.S. 255, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989) ............................... 14

*In re Clark*
   5 Cal. 4th 750, 21 Cal. Rptr. 2d 509 (1993) ..................................... 4, 13

*In re Dixon*
   41 Cal. 2d 756, 264 P.2d 513 (1953) ................................................... passim

**TABLE OF AUTHORITIES**
(continued)

Page

*In re Lessard*
    62 Cal. 2d 497, 42 Cal. Rptr. 583 (1965) ............................................................. 4

*In re Miller*
    17 Cal. 2d 734, 112 P.2d 10 (1941)........................................................... 3, 12, 13

*In re Reno*
    55 Cal. 4th 428, 146 Cal. Rptr. 3d 297 (2012)...................................................... 10

*In re Robbins*
    18 Cal. 4th 770, 77 Cal. Rptr. 2d 153 (1998)............................................ 3, 13, 14

*In re Swain*
    34 Cal. 2d 300, 209 P.2d 793 (1949)..................................................................... 4

*Jackson v. Virginia*
    443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) .................................. 11, 17

*Johnson v. Williams*
    133 S. Ct. 1088, 185 L. Ed. 2d 105 (2013) ......................................................... 11

*Jones v. Barnes*
    463 U.S. 745, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983) ..................................... 19

*Juan H. v. Allen*
    408 F.3d 1262 (9th Cir. 2005)............................................................................. 17

*May v. Hunter*
    451 F.Supp.2d 1084 (C.D. Cal. 2006)........................................................... 4, 5, 6

*McCleskey v. Zant*
    499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991) ................................... 14

*McQuarters v. Superior Court*
    138 Cal. App. 4th 1357 (2006)............................................................................. 5

*Miller v. Keeney*
    882 F.2d 1428 (9th Cir. 1989)........................................................................ 19, 21

*Murray v. Carrier*
    477 U.S. 478, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986) ............................... 14, 15

# TABLE OF AUTHORITIES
## (continued)

Page

*Park v. California*
  202 F.3d 1146 (9th Cir. 2000) .................................................................. 13, 14

*People v. Clark*
  82 Cal. App. 4th 1072 (2000) ............................................................................. 17

*People v. Duvall*
  9 Cal. 4th 464, 37 Cal. Rptr. 2d 259 (1995) ....................................................... 4

*People v. Johnson*
  26 Cal. 3d 557, 162 Cal. Rptr. 431 (1980) ......................................................... 17

*People v. Taylor*
  160 Cal. App. 4th 304, 72 Cal. Rptr. 3d 740 (2008) ............................................ 2

*Protsman v. Pliler*
  318 F. Supp. 2d 1004 (S.D. Cal. 2004) ............................................................. 14

*Renico v. Lett*
  130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010) .................................................. 10, 11

*Sanchez v. Ryan*
  392 F. Supp. 2d 1136 (C.D. Cal. 2005) ............................................................. 14

*Sawyer v. Whitley*
  505 U.S. 333, 112 S. Ct. 2514, 120 L. Ed. 2d 269 (1992) ................................. 15

*Schlup v. Delo*
  513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) ................................... 15

*Smith v. Robbins*
  528 U.S. 259, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000) ................................... 19

*Strickland v. Washington*
  466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) ...................... 18, 19, 20

*United States v. Frady*
  456 U.S. 152, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) ................................... 15

*White v. Lewis*
  874 F.2d 599 (9th Cir. 1989) .............................................................................. 15

iv

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Wildman v. Johnson*
   261 F.3d 832 (9th Cir. 2001) ............................................................... 19

*Woodford v. Visciotti*
   537 U.S. 19, 123 S. Ct. 357, 154 L. Ed. 2d 279 (2002) ..................................... 19

*Yarborough v. Alvarado*
   541 U.S. 652, 124 S. Ct. 2140, 158 L. Ed. 2d 938 (2004) ................................ 19

*Yarborough v. Gentry*
   540 U.S. 1, 124 S. Ct. 1, 157 L. Ed. 2d 1 (2003) .............................................. 20

*Ylst v. Nunnemaker*
   501 U.S. 797, 111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991) .......................... 13, 17

# TABLE OF AUTHORITIES
## (continued)

**Page**

**STATUTES**

28 U.S.C. § 2254(b)(2) ..................................................................20

28 U.S.C. § 2254(d) ..................................................................passim

Cal. Pen. Code § 69 ........................................................................1

Cal. Pen. Code § 1370 ....................................................................7

Cal. Pen. Code § 2960 ....................................................................4

Cal. Pen. Code § 2962 ..............................................................passim

Cal. Pen. Code § 2962(c) ..........................................................passim

Cal. Pen. Code § 2962(d)(1) ..........................................................5

Cal. Pen. Code § 2964(a) ................................................................5

Cal. Pen. Code § 2966(b) ................................................................5

Cal. Pen. Code § 2970 ....................................................................6

Pursuant to this Court's Order dated March 14, 2013, Respondent Jon DeMorales,[1] Executive Director of Atascadero State Hospital, in Atascadero, California, respectfully files this Answer to the First Amended Petition for Writ of Habeas Corpus (hereinafter, the "FAP"), and admits, alleges, and denies as follows:

1.   Petitioner is properly civilly committed as a mentally disordered offender under the supervision of the California Department of Mental Health, following a valid judgment in San Luis Obispo County Superior Court case number F459696.

2.   The FAP is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

3.   The FAP appears to be timely.

4.   Pursuant to this Court's order of March 14, 2013, all claims in the FAP appear to be exhausted.

5.   Ground One is procedurally defaulted.

6.   The claims set forth in the FAP do not appear to be barred by the non-retroactivity doctrine of *Teague v. Lane*, 489 U.S. 288, 310, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989).

7.   All of Petitioner's claims were rejected on the merits by the state courts; federal habeas corpus relief as to these claims is precluded because the state-court adjudications were not contrary to or an unreasonable application of United States Supreme Court precedent.   *See* 28 U.S.C. § 2254(d); *Harrington v. Richter*, 131 S. Ct. 770, 784, 178 L. Ed. 2d 624 (2011).

8.   No evidentiary hearing is necessary to resolve the claims alleged in the FAP because a proper application of 28 U.S.C. § 2254(d) requires that they be

_____

    [1] According to the California Department of Mental Health website, the named Respondent in this action, Linda Persons, is not the director of the facility in which Petitioner is currently housed, Atascadero State Hospital.  The current executive director of that institution is Jon DeMorales.  This Court has the authority to substitute the correct public official at any time.  Fed. R. Civ. P. 25(d).

1

denied on the basis of the record before the state court.  *Pinholster*, 563 U.S. ___,

131 S. Ct. 1388, 1398 (2011).  Moreover, no evidentiary hearing should be held

because, to the extent that Petitioner's claims are not fully factually developed, he

failed to exercise "due diligence" within the meaning of 28 U.S.C. § 2254(e), and

cannot otherwise meet the stringent requirements of 28 U.S.C. § 2254(e)(2).

Furthermore, no evidentiary hearing is warranted to the extent the claims may be

rejected on the basis of the state court record.  *Schriro v. Landrigan*, 550 U.S. 465,

474, 127 S. Ct. 1933, 167 L. Ed. 2d 836 (2007).

  9. Except as expressly admitted, Respondent denies each and every

allegation of the FAP and specifically denies that Petitioner's civil commitment is

in any way improper, that the judgment underlying Petitioner's civil commitment is

in any way improper, and that his federal constitutional rights are being violated in

any way.

  10. This Answer is based on the attached Memorandum of Points and

Authorities, this Court's file, the records and files in this case, copies of which were

lodged with this Court in support of Respondent's previously filed Motion to

Dismiss, and such other matters as are properly submitted to the Court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    WHEREFORE, Respondent respectfully requests that the FAP be denied, and

2    dismissed with prejudice.

3

4    Dated:  May 10, 2013                              Respectfully submitted,

5                                                      KAMALA D. HARRIS
                                                       Attorney General of California
6                                                      DANE R. GILLETTE
                                                       Chief Assistant Attorney General
7                                                      LANCE E. WINTERS
                                                       Senior Assistant Attorney General
8                                                      MICHAEL R. JOHNSEN
                                                       Supervising Deputy Attorney General
9

10                                                     */s/  Idan Ivri*
                                                       IDAN IVRI
11                                                     Deputy Attorney General
                                                       *Attorneys for Respondent*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                       3

## MEMORANDUM OF POINTS AND AUTHORITIES

## PROCEDURAL HISTORY

On June 16, 2011, the San Luis Obispo County Superior Court in case number F459696 determined beyond a reasonable doubt that Petitioner met the criteria set forth in California Penal Code section 2962 (hereinafter, "section 2962") for civil commitment to the California Department of Mental Health as a mentally disordered offender.  (1 CT at 7-10.) [2]  Petitioner's commitment in case number F459696 was (and continues to be) a condition of his parole for his conviction of resisting an executive officer in violation of California Penal Code section 69 in San Luis Obispo County Superior Court case number F434614,[3] which will be in effect until his discharge date in that case on September 5, 2013 (known as the Controlling Discharge Date, or "CDD").  (1 CT at 7.)  Though Petitioner cites case F434614 as the conviction on which the FAP is based (FAP at 2), the claims in the FAP relate solely to the requirements for civil commitment and are unrelated to his conviction for resisting an executive officer.  In this Answer, therefore, Respondent assumes that Petitioner is challenging his civil commitment, not his criminal conviction.[4]

---

[2]  "CT" refers to the clerk's transcript of Petitioner's trial prepared on direct appeal in California Court of Appeal case number B234757 and provided to this court as Lodged Item No. 1.  Lodged Items No. 1-52 were provided to this Court with Respondent's Notice of Lodging in Support of Motion to Dismiss.  (PACER Doc. No. 13.)  Respondent lodges no additional documents at this time.

[3]  Petitioner has challenged his underlying conviction in case number F434614 in numerous state habeas petitions in the superior court, all of which were denied.  (Lodged Item Nos. 5-8, 13-36, 41-42, 45-46.)  As discussed in more detail, *infra*, certain of these petitions raised claims similar to those in the FAP, such as the eleventh superior court petition F434614 HC-11.  (Lodged Item No. 29.)

[4]  Petitioner's act of resisting an executive officer appears itself to have occurred while he was housed in a state mental institution during parole for a prior criminal offense.  (Lodged Item No. 33, "Evaluation Report" Attachment at 3-5.)

1

Petitioner timely appealed the superior court's commitment order to the California Court of Appeal in case number B234757.[5]  Petitioner's appellate counsel filed an opening brief pursuant to *People v. Taylor*, 160 Cal. App. 4th 304, 72 Cal. Rptr. 3d 740 (2008), raising no arguable issues and notifying Petitioner of his right to file a supplemental appellate brief.  (Lodged Item No. 3.)  On December 15, 2011, the California Court of Appeal determined that Petitioner's counsel had not raised any arguable issues and that Petitioner had not filed any supplemental brief in pro se.  The court therefore dismissed the appeal.  (Lodged Item No. 4.)  Petitioner filed nothing further on direct appeal.

As discussed in footnote three, *supra*, Petitioner filed numerous petitions for writ of habeas corpus in the San Luis Obispo County Superior Court.  Of these, the most important is the eleventh, case number F434614 HC 11, because it resulted in a denial of the same claim raised in Ground One on the merits, which affects issues of procedural default in the instant federal habeas action.  This superior court petition was filed on January 31, 2012, and denied on February 1, 2012.  (Lodged Item Nos. 29-30.)

On April 2, 2012, in California Supreme Court case number S201303, Petitioner filed a petition for writ of habeas corpus challenging his commitment on grounds similar to those in the FAP.  The petition was denied on May 9, 2012, with

---

[5]  Petitioner also cites California Court of Appeal case number B234757 as the corresponding direct appeal to case number F434614.  (Pet. at 2.)  However, this is incorrect.  According to the website of the California Court of Appeal and the records Respondent has obtained, case number B234757 is actually the direct appeal of the civil commitment case number F459696, whereas case number F434614 is Petitioner's underlying criminal conviction (never appealed), which is known as the "Controlling Offense" required to commit an individual to the Department of Mental Health under California Penal Code section 2962 in the first instance.

1 a citation to *In re Dixon*, 41 Cal. 2d 756, 759, 264 P.2d 513 (1953). (Lodged Item
2 Nos. 37-38.)

3 On April 26, 2012, Petitioner filed a petition for writ of habeas corpus in
4 California Court of Appeal case number B240781, which also raised the same claim
5 as in Ground One and was denied on May 2, 2012, without discussion or citation of
6 authority. (Lodged Item Nos. 39-40.)

7 On May 23, 2012, Petitioner filed another petition for writ of habeas corpus in
8 California Supreme Court case number S202740, also challenging his commitment
9 on grounds similar to those in the FAP; that second petition was denied on August
10 22, 2012, without discussion or citation of authority. (Lodged Item Nos. 47-48.)

11 On June 11, 2012, Petitioner his first federal petition for writ of habeas corpus
12 in this Court, and one day later filed the FAP. On June 14, 2012, the Court ordered
13 Petitioner to show cause why the FAP should not be dismissed for failure to
14 exhaust state remedies.

15 On July 18, 2012, Petitioner filed a third petition for writ of habeas corpus in
16 California Court of Appeal case number B242628, which was denied on July 23,
17 2012. (Lodged Item Nos. 43-44.)

18 On August 1, 2012, Petitioner filed a petition for writ of habeas corpus in
19 California Supreme Court case number S204420, again challenging his
20 commitment on similar grounds to those in the FAP, and this third petition was
21 denied on August 22, 2012, with citation to *In re Miller*, 17 Cal. 2d 734, 735, 112
22 P.2d 10 (1941). (Lodged Item Nos. 49-50.)

23 On August 1, 2012, Petitioner filed yet another a petition for writ of habeas
24 corpus in California Supreme Court case number S204423, which was denied on
25 August 22, 2012, with citations to *In re Robbins*, 18 Cal. 4th 770, 780, 77 Cal. Rptr.

26
27
28

2d 153 (1998), and *In re Clark*, 5 Cal. 4th 750, 767-69, 21 Cal. Rptr. 2d 509 (1993). (Lodged Item Nos. 51-52.)[6]

On August 20, 2012, following Petitioner's response to this Court's Order to Show Cause, the Court instructed Respondent to respond to the FAP.  On November 14, 2012, Respondent filed a Motion to Dismiss the FAP.  (PACER Doc. No. 12.)  On March 14, 2013, this Court denied Respondent's Motion to Dismiss without prejudice and ordered Respondent to file an Answer to the FAP. (PACER Doc. No. 15.)

### CALIFORNIA LAW ON CIVIL COMMITMENT OF MENTALLY DISORDERED OFFENDERS

California's Mentally Disordered Offenders (MDO) Act is a civil commitment scheme governing state prisoners with severe mental disorders who are due to be released on parole.  *See* Cal. Pen. Code § 2960; *May v. Hunter*, 451 F.Supp.2d 1084, 1088-89 (C.D. Cal. 2006).  In enacting this statute, the state legislature determined that some prisoners have severe but treatable mental disorders that contributed to their criminality, and that the state has a compelling interest to protect the public by requiring those prisoners to submit to inpatient treatment until the underlying condition can be kept in remission.  *May*, 451 F.Supp.2d at 1088

---

[6] Petitioner also filed several habeas petitions in the California Supreme Court prior to the superior court's determination in case number F459696 that he was subject to civil commitment.  For example, on November 10, 2009, Petitioner filed a petition for writ of habeas corpus in California Supreme Court case number S177862, which was denied on December 17, 2009, with citations to *People v. Duvall*, 9 Cal. 4th 464, 474, 37 Cal. Rptr. 2d 259 (1995), *In re Swain*, 34 Cal. 2d 300, 304, 209 P.2d 793 (1949), and *In re Lessard*, 62 Cal. 2d 497, 503, 42 Cal. Rptr. 583 (1965).  (Lodged Item Nos. 9-10.)  On December 29, 2009, Petitioner filed a petition for writ of habeas corpus in California Supreme Court case number S179098, which was denied on February 3, 2010, without discussion or citation of authority.  (Lodged Item Nos. 11-12.)  However, Respondent does not address these prior circumstances because they predate Petitioner's civil commitment and therefore have no bearing on the FAP or the issues at hand.

4

(citing *McQuarters v. Superior Court*, 138 Cal. App. 4th 1357, 1362 (2006); Cal. Pen. Code § 2964(a)).

An offender is eligible for treatment under the MDO Act if the following six factors are met:  (1) the prisoner has a severe mental disorder; (2) the prisoner used force or violence in committing the underlying offense; (3) the prisoner had a disorder which caused or was an aggravating factor in committing the offense; (4) the disorder is not in remission or cannot be kept in remission without treatment; (5) the prisoner was treated for the disorder for at least 90 days in the year before being paroled; and (6) because of the disorder, the prisoner poses a serious threat of physical harm to other people.  *May*, 451 F.Supp.2d at 1088; Cal. Penal Code § 2962.  Both the person in charge of treating the prisoner and a practicing psychiatrist or psychologist from the State Department of Mental Health must evaluate the prisoner, and a chief psychiatrist of the Department of Corrections must then certify that the prisoner meets the above criteria.  *May*, 451 F.Supp.2d at 1089; Cal. Penal Code § 2962(d)(1).

A prisoner has the right to a hearing before the California Board of Prison Terms to contest a finding that he meets the above criteria, and the certifying party has the burden of demonstrating that he is in fact an MDO under the statute.  If dissatisfied with the results of the hearing, the prisoner may petition the superior court for a hearing to determine whether he meets the criteria.  In the superior court, the prisoner must be shown to meet the criteria beyond a reasonable doubt.  *May*, 451 F.Supp.2d at 1089; Cal. Penal Code § 2966(b).

If the prisoner's severe mental disorder is put into remission during the parole period and can be kept in remission, the Department of Mental Health must discontinue treating the parolee.  If the parolee's mental disorder is not in remission by the end of the parole period, or cannot be kept in remission without treatment, then the MDO Act provides for extending the treatment for one year beyond the

final parole termination date.  *May*, 451 F.Supp.2d at 1089; Cal. Penal Code §
2970.

### STATEMENT OF FACTS[7]

**A.   The People's Case**

First, the parties stipulated that the relevant "parole or release date" necessary
to weigh the criteria of section 2962 was January 2, 2011.  (2 RT at 303.)

Dr. Timothy Nastasi was a psychologist in the forensic department of the
Atascadero State Hospital who evaluated whether Petitioner met the criteria for
civil commitment under the MDO Act, codified in section 2962.  (2 RT at 305.)[8]
As of April 7, 2011, Dr. Nastasi determined that Petitioner was suffering from a
severe mental disorder, namely Bipolar One Disorder, severe, with psychotic
features.  (2 RT at 306.)  Dr. Nastasi arrived at this conclusion by reviewing
Petitioner's prior medical evaluations and progress notes, a probation officer's
report, an incident report on the "qualifying offense" underlying the commitment, a
consultation with Petitioner's psychiatrist and psychologist, and an interview with
Petitioner himself.  (2 RT at 306-07.)  During the interview between Petitioner and
Dr. Nastasi, Petitioner exhibited slight to moderate delusional behavior.  (2 RT at
316-17.)  Petitioner's mental disorder varied in severity depending on the day.  (2
RT at 317.)

Symptoms of Petitioner's mental disorder included manic episodes marked by
excessive energy, grandiosity, hypersexual behavior, and irritability.  He also
suffered from auditory hallucinations (i.e., hearing voices), the belief that he was

---

[7]  The following Statement of Facts is based on the hearing that Petitioner
requested and received in the San Luis Obispo County Superior Court contesting
the California Board of Prison Terms determination that he was an MDO.  (1 CT at
2.)

[8]  "RT" refers to the reporter's transcript of Petitioner's trial prepared on
direct appeal in California Court of Appeal case number B234757 and provided to
this court as Lodged Item No. 2.

6

the victim of experiments or conspiracies, depression, and homicidal and suicidal thoughts.  (2 RT at 307.)  Petitioner had had an extensive history of psychiatric treatment since age nineteen.  At various times, he had been treated for psychiatric issues while in the community, in the care of the Department of Mental Health, and in state prison.  (2 RT at 307-08.)

Petitioner's qualifying offense which led to his commitment in the instant case took place on June 27, 2009, when he was already a patient at Atascadero State Hospital.  During the days leading up to the qualifying offense, Petitioner had been experiencing a manic episode characterized by aggressive, hostile, irritable behavior.  (2 RT at 309-10.)  He expressed delusional thoughts that he had been kidnapped, exhibited paranoid behavior, and had to be restrained twice.  (2 RT at 309-10.)  Then, on June 27, 2009, he escaped from his unit and punched a hospital officer who tried to stop him.  He continued to struggle while being restrained.  (3 RT at 308-09, 319.)  Dr. Nastasi opined that Petitioner's mental disorder was, at the least, an aggravating factor in that incident.  (2 RT at 309.)

After the crime, Petitioner was found incompetent to stand trial due to severe symptoms of his mental disorder, pursuant to California Penal Code section 1370. (2 RT at 310, 319.)  On April 26, 2010, Petitioner was sentenced to one year and four months in state prison, with a date of release or parole of January 2, 2011.  (1 CT 1.)  However, on May 14, 2010,  Petitioner was paroled and released into the community.  (2 RT at 319.)  Dr. Nastasi was not certain whether Petitioner's MDO status had been evaluated prior to the May release.  (2 RT at 319-20.)  In any event, on September 4, 2010, Petitioner was out of custody and in public when he began screaming.  He then aggressively challenged police officers who were called to the scene.  Petitioner was re-arrested.  (2 RT at 312.)  His parole was revoked for resisting arrest and being drunk in public.  (2 RT at 320.)

Petitioner received more than ninety days of treatment for his severe mental disorder during the year prior to his original parole or release date of January 2,

7

2011.  (2 RT at 313.)  Specifically, he received approximately three and a half months of treatment between January 7 and April 27, 2010, and then, after being released in May 2010 and re-arrested in September 2010, he received another three and a half months of treatment between September 2010 and January 2011.  (2 RT at 313-14, 321.)  On March 17, 2011, Petitioner again threatened staff at Atascadero State Hospital and had to be put in restraints.  (2 RT at 312-13.)

Dr. Nastasi opined that as of April 7, 2011, Petitioner's mental disorder was not in remission, and his manic episodes were ongoing.  (2 RT at 311-12.) Petitioner's history suggested that his mental disorder could not be put into remission without treatment.  For example, Petitioner had engaged in aggressive behavior indicative of his disorder both in and out of custody.  (2 RT at 312.)

Considering all the above, Dr. Nastasi further opined that Petitioner represented a substantial danger of physical harm to others based on his particular mental disorder and on his history of violence.  For example, Petitioner committed attempted battery on police officers in 2007 and 2008, and made violent threats and acted violently on several occasions in 2009.  He also engaged in mutual combat in 2010 and had to be restrained at Atascadero in 2011.  (2 RT at 314.)  If Petitioner were not being forcibly medicated, he would be even more dangerous.  (2 RT at 314-15.)  Petitioner also did not believe the fact of his own mental disorder, or that he needed to take all of the medications he was prescribed.  Thus, the chances were low that Petitioner would continue taking his medications unless he were forced to do so.  (2 RT at 314-15, 318.)

**B.  Petitioner's Case**[9]

Petitioner denied that he was paranoid, and stated that authorities simply accused him of paranoia whenever they overstepped their own authority.  (2 RT at

_____

[9] In the proceedings challenging Petitioner's civil commitment, he was known as a state petitioner rather than a defendant.

323-24.)  Petitioner stated that, if released into the community, he would look for housing and obtain his social security benefits.  (2 RT at 324-25.)  Petitioner did not intend to hurt anybody during the qualifying offense that took place in Atascadero State Hospital in 2009 and wished he had acted differently.  (2 RT at 325.)  Regarding the May 2010 offense, Petitioner stated that police arrived and began screaming at him for no reason.  (2 RT at 325.)  Petitioner did not believe that he was a danger to the community.  (2 RT at 325-26.)

## PETITIONER'S CONTENTIONS

1.    The criterion in California Penal Code section 2962(c) that an individual committed for treatment to a state hospital must have been in treatment for a severe mental disorder for ninety days or more within the year prior to his parole or release was not satisfied in Petitioner's case.  (FAP at 5.)

2.    Petitioner's appellate counsel rendered ineffective assistance because he did not raise the claim in Ground One in the direct appeal of the superior court order committing Petitioner to the state hospital.  (FAP at 5.)

## ARGUMENT

**I.    GROUND ONE IS NOT COGNIZABLE BECAUSE IT IS PROCEDURALLY DEFAULTED; FURTHERMORE, GROUND ONE IS BARRED FROM RELITIGATION BY 28 U.S.C. § 2254(D) BECAUSE IT HAS BEEN PREVIOUSLY REJECTED ON THE MERITS BY THE STATE COURTS; GROUND TWO IS ALSO BARRED FROM RELITIGATION BY 28 U.S.C. § 2254(D), SINCE IT HAS ALSO PREVIOUSLY BEEN REJECTED ON THE MERITS BY A STATE COURT**

Petitioner raised Ground One in his petition for writ of habeas corpus in California Supreme Court case number S201303.  (Lodged Item No. 37 at 3.)  The court denied that petition with a citation to *In re Dixon*, 41 Cal. 2d 756, 759, 264 P.2d 513 (1953), meaning that Petitioner's claim was procedurally barred.  (Lodged Item No. 38.)  Federal courts will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of federal law and adequate to support the judgment.  *Beard v. Kindler*, 130 S. Ct. 612, 614, 175 L. Ed. 2d 417 (2009) (citing *Coleman v. Thompson*, 501

9

U.S. 722, 729, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)).  In any event, even if

Ground One were cognizable, it was also rejected on the merits in a reasoned

opinion by the San Luis Obispo County Superior Court and in a summary denial by

the California Court of Appeal in response to Petitioner's petitions for writ of

habeas corpus in case numbers F434614 (HC 11-12) and B240781, respectively.

(Lodged Item Nos. 29-30 (F434614 HC 11 petition and denial), 39-40 (B240781

petition and denial).)  AEDPA bars relitigation of a claim adjudicated in the state

courts on the merits unless the state court decision was objectively unreasonable.

*See* 28 U.S.C. § 2254(d); *Richter*, 131 S. Ct. 770, 784.

Petitioner raised Ground Two in his petition for writ of habeas corpus in

California Supreme Court case number S202740.[10]  (Lodged Item No. 47 at 4.)  The

court denied that petition on its merits without discussion or citation of authority.

(Lodged Item No. 48.)   Therefore, AEDPA also bars relitigation of that claim

unless the state court decision rejecting it was objectively unreasonable.  *See*

*Richter*, 131 S. Ct. at 784 (state court's summary denial of a claim constitutes a

denial on the merits for purposes of 28 U.S.C. § 2254(d)); *see also In re Reno*, 55

Cal. 4th 428, 447, 146 Cal. Rptr. 3d 297 (2012) (summary habeas denial reflects

rejection of each claim on the merits).

As amended by AEDPA, 28 U.S.C. § 2254(d) constitutes a "threshold

restriction," *Renico v. Lett*, 130 S. Ct. 1855, 1862 n.1, 176 L. Ed. 2d 678 (2010), on

federal habeas corpus relief that "bars relitigation of any claim 'adjudicated on the

merits' in state court" subject to two narrow exceptions.  *Richter*, 131 S. Ct. at 784.

These exceptions require a Petitioner to show that the state court's previous

adjudication of the claim either (1) was "'contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court

of the United States,'" or (2) was "'based on an unreasonable determination of the

---

[10]  As this Court noted in its Order of March 14, 2013 (PACER Doc. No 15), Petitioner exhausted Ground Two via case number S202740.

facts in light of the evidence presented at the State Court proceeding.'" *Id*. at 783-84 (quoting 28 U.S.C. § 2254(d)). "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id*. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). Accordingly, to overcome the bar of § 2254(d), a petitioner is required to show at the threshold that "the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*.; *see also Johnson v. Williams*, 133 S. Ct. 1088, 1091, 1094, 185 L. Ed. 2d 105 (2013) (standard of § 2254(d) is "difficult to meet" and "sharply limits the circumstances in which a federal court may issue a writ of habeas corpus to a state prisoner whose claim was 'adjudicated on the merits in State court proceedings'").

**II. GROUND ONE IS NOT COGNIZABLE BECAUSE THE CALIFORNIA SUPREME COURT APPLIED THE *DIXON* BAR; FURTHERMORE, FEDERAL HABEAS RELIEF IS PRECLUDED AS TO GROUND ONE BECAUSE THE SAN LUIS OBISPO COUNTY SUPERIOR COURT AND THE CALIFORNIA COURT OF APPEAL HAD REASONABLE BASES, CONSISTENT WITH UNITED STATES SUPREME COURT AUTHORITY, TO DENY IT**

In Ground One, Petitioner argues that the People did not prove the criterion in section 2962(c) that an individual committed to a state hospital must have been in treatment for a severe mental disorder for ninety days or more within the year prior to his parole or release date. (FAP at 5.) This claim is not cognizable on federal habeas review because it was procedurally barred by the California Supreme Court. Also, even if Ground One were cognizable, it may not be relitigated because the lower state courts reasonably rejected it on the merits. *See* 28 U.S.C. § 2254(d); *Richter*, 131 S. Ct. at 784.

/ / /

/ / /

11

## A.   Procedural History

Petitioner raised the argument in Ground One that his civil commitment was improper due to the People's failure to prove the ninety-day requirement pursuant to section 2962(c) first in the San Luis Obispo County Superior Court, and then in the California Court of Appeal and three times in the California Supreme Court. (*See* Lodged Item Nos. 29 at 3 (superior court petition F434614 HC 11); 39 at 4 (state appellate court petition B240781); 37 at 3; 47 at 4; 49 at 3 (state supreme court petitions S201303, S202740, S204420).)   On February 1, 2012, the San Luis Obispo County Superior Court denied the petition in case number F434614 HC 11 in a reasoned opinion discussed in Section II.C., *infra*.  (Lodged Item No. 30.)  On May 2, 2012, the California Court of Appeal denied the petition in case number B240781 without discussion or citation of authority.  (Lodged Item No. 40.)  On May 9, 2012, the California Supreme Court denied the petition in case number S201303 with citation to *Dixon*, 41 Cal. 2d at 759.  (Lodged Item No. 38.)  On August 22, 2012, the California Supreme Court denied the petition in case number S202740 without any discussion or citation of authority.  (Lodged Item No. 48.) Also on August 22, 2012, the California Supreme Court denied the petition in case number S204420 with citation to *Miller*, 17 Cal. 2d at 735.  (Lodged Item No. 50.) Petitioner never raised Ground One on direct appeal. In fact, he raised no arguable issues whatsoever in his direct appeal, which was dismissed for that very reason. (Lodged Item Nos. 3-4.)

## B.   Ground One Is Procedurally Defaulted

Under the procedural default doctrine, federal courts will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of federal law and adequate to support the judgment.  *Beard*, 130 S. Ct. at 614 (citing *Coleman*, 501 U.S. at 729).  A state procedural bar is independent of federal law unless it appears to rest primarily on federal law or appears to be interwoven with federal law.  *Id.* at 733-34.  A state

procedural bar is adequate if it is "'firmly established and regularly followed' by the time as of which it is to be applied." *Ford v. Georgia*, 498 U.S. 411, 424, 111 S. Ct. 850, 112 L. Ed. 2d 935 (1991); *accord Beard*, 130 S. Ct. at 617-18 (holding that "a discretionary state procedural rule can serve as an adequate ground to bar federal habeas review").

Here, Ground One is procedurally defaulted because it was presented in a habeas petition in the California Supreme Court and rejected by that court with a citation to *Dixon* (after the two merits rulings by the lower courts in case numbers F434614 HC 11 and B240781).[11]  (*See* Lodged Item No. 38.)  The citation to *Dixon* signified that Ground One was procedurally barred by Petitioner's failure to raise it on direct appeal despite the fact that the claim "arose during his trial and [was] apparent from the record."   *Park v. California*, 202 F.3d 1146, 1151 (9th Cir. 2000).  The general rule in California is that "habeas corpus cannot serve as a substitute for an appeal." *Dixon*, 41 Cal. 2d at 759.  *Dixon* applied to Ground One

---

[11]  The *Dixon* bar applied in case number S201303 must have been intended to apply to Ground One rather than Ground Two (which was also raised in that petition) because *Dixon* is inapplicable to claims of ineffective assistance of counsel such as Ground Two. *Robbins*, 18 Cal. 4th at 814.  Furthermore, the California Supreme Court's later denial of two additional petitions containing Ground One did not remove the prior procedural bar applied in case number S201303.  For example, the summary denial of the habeas petition in case number S202740 was, in effect, a reiteration of the *Dixon* bar (at least as to Ground One), which the court applied to deny the previous petition. *Ylst v. Nunnemaker*, 501 U.S. 797, 804, 111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991) (if a previous state-court decision has rejected the same claim and provided a reason such as a procedural bar, the later summary denial is presumed to have rested on the same ground stated in the previous decision).  Next, in case number S204420, the court denied the claims in Ground One with citation to *Miller*, 17 Cal. 2d at 735, meaning that the claim therein was repetitious and that the court's prior denial of that claim stands for the same reasons.  (Petitioner did not raise Ground One in his final California Supreme Court habeas petition in case number S204423, which was denied with citations to *Robbins*, 18 Cal. 4th at 780, and *Clark*, 5 Cal. 4th at 767-69.)

because the issue of whether the ninety day requirement under section 2962(c) was satisfied did in fact arise during Petitioner's civil commitment trial and was apparent from the record in that proceeding.  (2 RT at 313-14, 321.)

Moreover, the *Dixon* bar is both independent and adequate.  *See Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003); *Sanchez v. Ryan*, 392 F. Supp. 2d 1136, 1138-39 (C.D. Cal. 2005) (respondent adequately pled the independence and adequacy of the *Dixon* rule and petitioner did not meet the burden to place the procedural bar defense in issue, and thus his federal claim was procedurally barred); *Protsman v. Pliler*, 318 F. Supp. 2d 1004, 1008-09 (S.D. Cal. 2004) (finding California's *Dixon* bar to be independent and adequate).[12]

Because the *Dixon* bar was independent and adequate, Ground One is presumptively barred in federal court.  Petitioner may overcome the bar only by making a showing of both cause for the default and prejudice resulting from it, or a showing of a fundamental miscarriage of justice.  *Harris v. Reed*, 489 U.S. 255, 262, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989).  Petitioner has not made any of these showings.

To demonstrate cause, Petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986); *see also McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991) ("cause," in excusing apparent abuse of writ or procedural default, is external impediment such as government interference or reasonable unavailability of claim's factual basis).  Here, the FAP states no facts suggesting cause for failing to raise Ground One on direct appeal.  For example, in direct

[12] The Ninth Circuit held that California's *Dixon* bar was *not* independent of federal law prior to the California Supreme Court's August 3, 1998 opinion in *In re Robbins*, 18 Cal. 4th 770, 77 Cal. Rptr. 2d 153 (1998).  *Park*, 202 F.3d at 1152-53. Since the *Dixon* bar in this case was imposed on May 9, 2012, *Park* is inapplicable.

1  response to this question in his superior court petition, Petitioner wrote, "N.A."

2  (Lodged Item No. 29 at 5.)

3       Even if Petitioner could show cause, he would also have to show that

4  prejudice resulted from his inability to raise his claims.  Prejudice is not just the

5  possibility of prejudice from alleged trial errors; it is the likelihood that the alleged

6  errors worked to Petitioner's substantial disadvantage and infected the entire trial

7  with error of constitutional dimensions.  *Carrier*, 477 U.S. at 494; *United States v.*

8  *Frady*, 456 U.S. 152, 170, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); *White v.*

9  *Lewis*, 874 F.2d 599, 603 (9th Cir. 1989).  In order to do so, Petitioner must prove a

10  "fundamental miscarriage of justice" occurred by showing that a constitutional

11  violation has "probably resulted" in the conviction of one who is "actually

12  innocent" of the crimes of which he was convicted.  *Sawyer v. Whitley*, 505 U.S.

13  333, 339-40 & n.6, 112 S. Ct. 2514, 120 L. Ed. 2d 269 (1992).  Reliable evidence,

14  which was not presented at trial, must be submitted to establish Petitioner's actual

15  innocence.  *Calderon v. Thompson*, 523 U.S. 538, 559, 118 S. Ct. 1489, 140 L. Ed.

16  2d 728 (1998); *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d

17  808 (1995).

18       Nothing in the FAP suggests that Petitioner can show prejudice resulted from

19  his inability to raise the claim in Ground One.  In this case, Petitioner is challenging

20  a civil commitment, not a criminal conviction.  However, by analogy, Petitioner

21  presumably would have to demonstrate that one of the criteria pursuant to section

22  2962 has *actually* not been met.  Petitioner fails to do so, since he presents no new

23  evidence—other than his own conclusory assertions—that the requirements of

24  section 2962(c) were not met, namely, that he was not in treatment for a severe

25  mental disorder for ninety days or more within the year prior to his parole or release

26  date.  Rather, he merely attaches a heavily redacted section 2962 evaluation report

27  paradoxically indicating that he was, in fact, in treatment for ninety days or more in

28

1    the relevant period.  (FAP, Attachment at 6.)  Accordingly, the *Dixon* bar applies,

2    and Ground One is procedurally defaulted.

3         **C.    The State Courts Reasonably Rejected Ground One**

4         In addition, AEDPA bars the religitation of Ground One because the San Luis

5    Obispo County Superior Court and the California Court of Appeal both rejected it

6    on the merits, and those courts' opinions were not contrary to, or an unreasonable

7    application of, United States Supreme Court precedent.  *See* 28 U.S.C. § 2254(d);

8    *Richter*, 131 S. Ct. at 784.

9         First, it should be noted that, on its face, Ground One does not point to any

10   federal legal issue.  Rather, Petitioner appears to be challenging the date which

11   marks the end point of the period "within the year prior to the prisoner's parole or

12   release," pursuant to a state statute, section 2962(c).  Petitioner argues that the

13   appropriate parole or release date is May 14, 2010, when he was released into the

14   community, rather than the date stipulated at his civil commitment hearing, January

15   2, 2011 (or, as Petitioner claims, January 7, 2011).  (FAP at 5 & Attach. at 6.)  The

16   latter date appears to be the parole date associated with his sentencing for the

17   underlying conviction of resisting an executive officer.  (1 CT at 2.)  Admittedly,

18   the People's sole witness, Dr. Nastasi, was unable to explain the circumstances of

19   Petitioner's release on May 14, 2010, approximately seven months before the

20   stipulated release date in January 2011.  (2 RT at 319-20).  Nevertheless, the issue

21   of how to determine which release date is correct under the state statute is clearly a

22   question of state law, and the state courts determined on at least two occasions that

23   Petitioner's claim was meritless.  "It is not the province of a federal habeas court to

24   reexamine state-court determinations on state-law questions."  *Estelle v. McGuire*,

25   502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).  Therefore, Ground

26   One is not cognizable on its face.

27        In any event, even if Ground One were broadly construed as a claim of

28   insufficiency of the evidence to support Petitioner's commitment, the state courts'

16

decisions would be reasonable and AEDPA would bar relitigation here.  In brief, evidence is sufficient to support a judgment if, viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).  California courts have adopted the same standard for both criminal convictions as well as trial court MDO findings.  *See People v. Johnson*, 26 Cal. 3d 557, 575-78, 162 Cal. Rptr. 431 (1980) (*Jackson* standard applies for criminal convictions); *People v. Clark*, 82 Cal. App. 4th 1072, 1083-84 (2000) (adopting line of California cases interpreting *Jackson* as applicable to sufficiency of the evidence review in MDO cases).  *Jackson* claims "face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference."  *Coleman v. Johnson*, 132 S. Ct. at 2062; *Juan H. v. Allen*, 408 F.3d 1262, 1275 (9th Cir. 2005) (acknowledging the deference owed to the trier of fact and, correspondingly, the sharply limited nature of constitutional sufficiency review).

Here, the San Luis Obispo County Superior Court in case number F434614 HC 11 considered Ground One (Lodged Item No. 29 at 3), and held that it was conclusory and not based on reasonably available documentary evidence (Lodged Item No. 30 at 1-2).  The California Court of Appeal, considering the same claim in Petitioner's habeas petition in case number B240781 (Lodged Item No. 39 at 4), rejected it without discussion or citation of authority (Lodged Item No. 40).  Presumably, the California Court of Appeal based its decision on the reasoned opinion of the superior court.  *Ylst*, 501 U.S. at 803 (where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground).

The state courts' decisions were reasonable primarily because Petitioner's own trial counsel stipulated to the January 2011 date as the appropriate one for purposes of calculating the requirement in section 2962(c).  (2 RT at 303.)  Furthermore,

*even if Petitioner were correct* that his parole or release date was May 14, 2010, rather than January 2, 2011, there is undisputed evidence that the ninety day requirement was met because Dr. Nastasi testified that Petitioner received approximately three and a half months of such treatment *both before and after* his release on May 14, 2010.  (2 RT at 313-14, 321.)  Therefore, the evidence was sufficient to support the MDO finding regardless of which date is used.  At the least, the state courts' decisions denying Ground One were not wrong beyond any possibility for fairminded disagreement.  *See Richter*, 131 S. Ct. at 786.

### III.  HABEAS CORPUS RELIEF IS PRECLUDED ON GROUND TWO BECAUSE THE CALIFORNIA SUPREME COURT HAD A REASONABLE BASIS, CONSISTENT WITH UNITED STATES SUPREME COURT AUTHORITY, TO DENY IT

In Ground Two, Petitioner argues that his appellate counsel rendered ineffective assistance because he did not raise the claim in Ground One in the direct appeal of the superior court order committing Petitioner to the state hospital.  (FAP at 5.)  However, Ground Two must be rejected because the California Supreme Court's denial of it was not contrary to, or an unreasonable application of, United States Supreme Court precedent.   *See* 28 U.S.C. § 2254(d); *Richter*, 131 S. Ct. at 784.

### A.  Applicable Law

To obtain relief for ineffective assistance of counsel, Petitioner must demonstrate that counsel's conduct fell below an objective standard of reasonableness, and that he was prejudiced by counsel's acts or omissions.  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *accord Richter*, 131 S. Ct. at 770.  The first prong of the *Strickland* test – deficient performance – requires a showing that counsel's performance was "outside the wide range of professionally competent assistance."  *Strickland*, 466 U.S. at 690.  "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of

reasonable professional assistance." *Richter*, 131 S. Ct. at 787 (citing *Strickland*, 466 U.S. at 689).  The second prong of the *Strickland* test – prejudice – requires a showing of a "reasonable probability that, but for counsel's unprofessional errors, the result of the [trial] would have been different." *Strickland*, 466 U.S. at 694.  A reasonable probability is a probability "sufficient to undermine confidence in the outcome." *Id.*; *see also Woodford v. Visciotti*, 537 U.S. 19, 22, 123 S. Ct. 357, 154 L. Ed. 2d 279 (2002).  "The likelihood of a different outcome must be substantial, not just conceivable." *Richter*, 131 S. Ct. at 792 (citing *Strickland*, 466 U.S. at 693).

The *Strickland* standard also applies when considering claims regarding the effective assistance of appellate counsel.  *Smith v. Robbins*, 528 U.S. 259, 285, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000).  However, appellate counsel has no duty to raise every nonfrivolous issue requested by a defendant.  *Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983).  The two prongs set forth in *Strickland* "partially overlap" when evaluating the performance of appellate counsel; in many instances, appellate counsel will fail to raise an issue because he foresees little or no likelihood of success on that issue.  *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989) (noting that "the weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy"); *see also Wildman v. Johnson*, 261 F.3d 832, 840-42 (9th Cir. 2001) (appellate counsel's failure to raise issues on direct appeal does not constitute ineffective assistance of counsel when appeal would not have provided grounds for reversal); *Bailey v. Newland*, 263 F.3d 1022, 1028 (9th Cir. 2001).

Because the *Strickland* standard is a general one, state courts have great leeway in applying it.  *Knowles*, 129 S. Ct. at 1420; *see Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S. Ct. 2140, 158 L. Ed. 2d 938 (2004) ("The more general the rule, the more leeway [state] courts have in reaching outcomes in case by case determinations.").  On federal habeas review, "[a] state court must be granted a

deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Richter*, 131 S. Ct. at 785. As the Supreme Court recently cautioned: "Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, as it does here, the question is *not* whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 131 S. Ct. at 788 (emphasis added). Thus, judicial review of a *Strickland* claim is "highly deferential," and "doubly deferential when it is conducted through the lens of federal habeas." *Yarborough v. Gentry*, 540 U.S. 1, 6, 124 S. Ct. 1, 157 L. Ed. 2d 1 (2003) (per curiam); *see also Delgado v. Lewis*, 223 F.3d 976, 981 (9th Cir. 2000) (*Strickland* standard is "very forgiving").

## B.   The California Supreme Court Reasonably Rejected Ground Two

Petitioner argues that his appellate counsel rendered ineffective assistance by failing raise Ground One on direct appeal. This Court has held that Petitioner presented and exhausted[13] this claim before the California Supreme Court in his habeas petition in case number S202740, which was denied without discussion or citation of authority. (Lodged Item Nos. 47-48.) In light of that ruling, the claim must be assessed under the relitigation bar of § 2254(d).

---

[13] Pursuant to this Court's Order denying without prejudice Respondent's Motion to Dismiss (PACER Doc. No. 15), Respondent respectfully renews the argument that Ground Two is unexhausted because Petitioner failed to cite any federal authority when he presented the claim to the California Supreme Court in case number S202740. *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004) (finding that "ineffective assistance of appellate counsel" claim was not fairly presented to the state's highest court because the petitioner did not properly alert the court to the federal nature of the claim). Ground Two may thus be dismissed on that basis. Nonetheless, the Court may also deny the claim on its merits. 28 U.S.C. § 2254(b)(2).

1  Though counsel raised no arguable issues in the direct appeal, it is appellate

2  counsel's responsibility to omit issues on which he foresees little or no likelihood

3  of success. *Miller*, 882 F.2d at 1434. As discussed in Section II, *supra*, there was

4  no basis to argue that using May 14, 2010, as Petitioner's parole or release date

5  would have prevented the People from proving the ninety-day treatment

6  requirement of section 2962(c). In fact, Dr. Nastasi's testimony revealed that

7  Petitioner received the requisite ninety days of treatment both before and after that

8  date. Therefore, the California Supreme Court reasonably determined that

9  counsel's actions were neither beneath an objective standard of reasonableness nor

10  prejudicial to Petitioner's case.

11  **CONCLUSION**

12  Respondent respectfully requests that the FAP be denied and dismissed with

13  prejudice.

14

15  Dated: May 10, 2013          Respectfully submitted,

16                               KAMALA D. HARRIS
                                 Attorney General of California
17                               DANE R. GILLETTE
                                 Chief Assistant Attorney General
18                               LANCE E. WINTERS
                                 Senior Assistant Attorney General
19                               MICHAEL R. JOHNSEN
                                 Supervising Deputy Attorney General
20

21

22                               */s/ Idan Ivri*
23                               IDAN IVRI
                                 Deputy Attorney General
24                               *Attorneys for Respondent*

25  II:vss
    LA2012605025
26  51293107.doc

27

28

21

# CERTIFICATE OF SERVICE

Case Name:   **JASON ARTHUR ALTHEIDE**          No.   **CV 12-05051 SVW (SS)**
               **v. LINDA PERSONS, Warden**

I hereby certify that on <u>May 10, 2013</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**ANSWER TO FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On <u>May 10, 2013</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Jason Arthur Altheide
AD 4417  No 061143-4
P O Box 7001
Atascadero, CA 93423

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>May 10, 2013</u>, at Los Angeles, California.

| Vanida S. Sutthiphong | /s/  *Vanida S. Sutthiphong* |
|:---:|:---:|
| Declarant | Signature |

II:vss
LA2012605025
51293239.doc